IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KATORIA S. WILLIAMS,<br>DEMETRI M. FAULKNER<br><br>      **Plaintiffs,**<br><br>v.<br><br>SHELBY COUNTY SCHOOL SYSTEM,<br>MEMPHIS CITY SCHOOL SYSTEM,<br>AND REGISTERED AGENT,<br>MARJORIE N. DOUGLAS, and its assigns,<br>Successors in interest, et al.<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 2:17-cv-2284-JPM-cgc<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE ANSWER TO SECOND AMENDED COMPLAINT; ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

Before the Court is Defendant Shelby County Board of Education's ("Defendant") Unopposed Motion for Extension of Time to File Answer to Complaint, filed on July 11, 2017 (ECF No. 20) and Plaintiffs' Response to Defendant's Motion, filed on July 11, 2017 (ECF No. 21). Also before the Court is Plaintiffs' Motion for Default Judgment, filed on July 11, 2017. (ECF No. 19.)

It is apparent from the motion papers that, on the merits, Plaintiffs do not oppose an extension of time until July 17, 2017 for Defendant to file a Second Amended Complaint. (See ECF No. 20 at PageID 203; ECF No. 20-1 at PageID 204; ECF No. 21 at PageID 207.) Rather, Plaintiffs argue that Defendants should be penalized for a procedural defect—because Defendants' Answer, or Motion for Extension of Time to File Answer, was not filed on July 10, 2017. (ECF No. 19.) In fact, Defendants' Motion for Extension of Time was filed one day

late—on July 11, 2017. (See ECF No. 20.) The Sixth Circuit has noted that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." United Coin Meter Co., Inc. v. Seaboard Coastline RR., 705 F.2d 839, 845 (6th Cir.1983). "When considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." Russell v. City of Farmington Hills, 34 F. App'x 196, 198 (6th Cir. 2002).

Default judgment is the most extreme sanction, and is in opposition to the general preference of trying cases on their merits. Having considered the Motion and the entire record in this cause, the Court determines that default judgment due to a one-day delay in filing a Motion for Extension of Time is not warranted. The Court hereby DENIES Plaintiffs' Motion for Default Judgment and GRANTS Defendant's Unopposed Motion for Extension of Time to File Answer to Second Amended Complaint.

Defendant shall file its Answer to Plaintiffs' Second Amended Complaint no later than July 17, 2017.

IT SO ORDERED, this 11th day of July, 2017.

                                                           /s/ Jon P. McCalla_____
                                                           JON P. MCCALLA
                                                           UNITED STATES DISTRICT JUDGE