IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KATORIA S. WILLIAMS, } | |
| DEMETRI M. FAULKNER } | |
|     Plaintiffs, } | |
| } | CIVIL ACTION |
| vs. } | FILE NO. 2:17-cv-2284-TLP-cgc |
| } | |
| SHELBY COUNTY BOARD OF EDUCATION; } | NON-JURY DEMAND |
| SHELBY COUNTY SCHOOL SYSTEM; } | |
| MEMPHIS CITY SCHOOL SYSTEM, AND } | |
| Registered Agent, MARJORIE N. DOUGLAS, } | |
| in her Official and Individual Capacity, and its } | |
| assigns, successors in interest, et al. } | |
|     Defendants. } | |

## RESPONSE TO DEFENDANT MARJORIE N. DOUGLAS' MOTON FOR ATTORNEY'S FEES AND EXPENSES

NOW COME Plaintiffs by and through their counsel, the undersigned, and respond to Defendant's, Marjorie Douglas, Motion for Attorney Fees and Expenses. (ECF Doc. 110-1, Page ID 839). This response is not intended to argue against the Court's May 2, 2018 ruling. (Doc. 108). It is intended to show that Plaintiffs' Section 1983 claims were filed in good faith and not to harass or be vexatious.

### I. PROCEDURAL HISTORY

Plaintiffs', through their attorney, the undersigned, filed the Third Amended Complaint on September 19, 2017, to include their 1983 claims. Ms. Douglas filed her Motion to Dismiss on October 3, 2017. (Doc. 42-1). On May 2, 2018, the Court granted the Motion. (Doc. 108).

## II. ANALYSIS

In requesting attorney fees, Ms. Douglas presented the Affidavit of Attorney Robin Rasmussen. The fees and bills were not attached to Ms. Douglas' motion.[1] Based on the undersigned's insight into work the defense completed on behalf of Ms. Douglas, she believes their hours and fees require adjustment. Berger v. Knox Cnty. Sheriff's Dept. No. 3:14-CV-190-PLR-CCS, p. 5 (E.D. Tenn., 2015). The following are some examples:

*Deposition*s – Over a four day period, Shelby County Schools' (SCS) and Ms. Douglas' attorneys deposed Plaintiffs. (Doc. 110-2, p. 2, paras. 10 and 11). SCS's attorney conducted more than 50% of the depositions. (Plaintiffs' attorneys engaged in less than one-hour follow-up questions).

*Motion to Compel* – Ms. Douglas' requests for fees and services include "motions to compel." (Doc. 110-2, p. 2, para 10). Plaintiffs did not file a motion to compel to Ms. Douglas; neither did Ms. Douglas file a motion to compel to Plaintiffs.

*327 Admissions* **–** Ms. Douglas' attorney propounded a total of 327 Admissions to Plaintiffs. (Doc 110-2). A great number of them were excessive and unnecessary**.**

*Reasonable Hourly Rate* **–** The Sixth Circuit follows the load-star method, which is the "proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate." Berger v. Knox Cnty. Sheriff's Dept, at p. 4. But it should not produce windfalls to attorneys. Id.

---

[1] The undersigned respectfully requests that she be permitted to review the fee and bill statement.

**A.     Respectfully, the Court's denial of Plaintiffs' claims does not rise to the level of frivolity, warranting attorney fees sanctions under 42 U.S.C. § 1988.**

The Sixth Circuit emphasizes, "[a]n award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.' <u>Gaith v. Rauschenberger</u>, Case No. 09-14336-BC, p. 9 (E.D. Mich., 2011).

*First and Fourteenth Amendment Due Process* -  Plaintiffs' 42 U.S.C. 1983 claims arose from the factual situation, whereby Plaintiffs alleged they were subjected to a hostile work environment and other adverse actions because of their race or because they complained about race and other misconduct by Defendants.  (Doc. 37, §§ 8, 116-118, 120, 141-143, 145, 156). The Court dismissed Plaintiffs' First and Fourteenth Amendment claims on the ground they are time barred by the statute of limitations and the continuing violation doctrine and on the ground Plaintiffs' Complaint did not contain allegations that Ms. Douglas committed any acts against Plaintiffs after 2014.  (Doc. 108, pp. 6, 8).

The undersigned acknowledges defects in the claims, but she respectfully submits they do not equate to frivolity or egregious misconduct.  See <u>Gaith v. Rauschenberger</u>, at p. 11, where the Court dismissed Plaintiff's 1983 claim on the ground he failed to set forth sufficient factual content, but did not find the claim to be groundless or frivolous.   Also, see: <u>LRL Properties v. Portage Metro Hous. Auth.</u>, 914 F.Supp. 188, 191 (N.D. Ohio, 1995), where Plaintiffs based their case on: 1) the statute of limitations should be waived under either a "discovery" or "continuing violation" theory; and 2) the assertion of a constitutionally protected liberty and property rights.   The Court concluded:

> Plaintiffs showed no cognizable liberty or property interests which would allow them to invoke the protection of the due process and equal protection clauses of the Fourteenth Amendment. The Court also denied Plaintiffs' motion for leave to file an amended complaint, holding that the amended complaint cured none of the deficiencies in the original complaint. The Court's decision was affirmed in all

3

respects by the Sixth Circuit, which also denied Plaintiffs' petition for rehearing en banc. Id., p. 190.

Notwithstanding the Court's rulings, it did not find Plaintiffs' actions frivolous, unreasonable or groundless. Id.

*Inducement to Breach Contract*  -  The Court dismissed Plaintiff Williams' Inducement to Breach Contract claim on the ground the statute of limitations had expired.  (Doc. 108, pp 12-13).  Williams asserted that the statute commenced in June 2014 when her position would have normally ended for the school year, if correct would have placed her within the limitations period.  (Doc. 44-1, pp. 5-6).   Plaintiff set forth the elements of an Inducement to Breach Contract and demonstrated how she met them, (Doc. 44-1, p. 9), but her assertion that the statute commenced in June 2014, although found to be without merit, should not rise to the level of frivolity.  LRL Properties v. Portage Metro Hous. Auth, at p. 191.

*Wrongful Termination of Tenured Teacher*  -  The Court concluded that T.C.A. 49-5-513 governs Plaintiff's Wrongful Dismissal of Tenured Teacher  and not T.C.A. 49-5-511.  (Doc. 108, pp. 13-14).  The undersigned's incorrect citation of a code should not equate to frivolity warranting sanctions.  Niles v. Givaudan Flavors Corp., Case No. 1:10-cv-919, p. 2 (S.D., Ohio, 2012), where the Court found Plaintiff failed to establish a causal connection between his FMLA leave and termination and was confused over whether Defendant granted the FMLA leave request was not evidence that his FMLA retaliation claim was frivolous.[2]  Id. p. 6.

*Emotional Distress*  -  The Court dismissed Plaintiffs' emotional distress claims on the ground they are time-barred, and they fail to state a claim.  The undersigned respectfully submits that this filing does not rise to the level of frivolity.  LRL Properties v. Portage Metro Hous.

---

[2] Plaintiffs asserted this claim against Shelby County Schools and Ms. Douglas, in her official capacity as an actor for SCS. (Doc. 37, §§ 8, 142-143, 155-156).

4

Auth., 914 F.Supp. at 191, where the Court rejected the Plaintiffs' lawsuit was frivolous because the statute of limitations had run. See also, Beck v. Muskingum Cnty., Civil Action 2:11-CV-155, at p. 4, where the Court held that the award of summary judgment to Defendants and Plaintiff's failure to produce admissible evidence did not equate to frivolity (explaining that the evidentiary foundation of claims may be fleshed out through discovery). Id.

**B.     There was no multiplication or vexation warranting sanctions under 28 U.S.C. § 1927.**

Section 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence." Nilles v. Givaudan Flowers Corp., Case No. 1:10-cv-919, at pp .4-5.  The Sixth Circuit holds that the "mere fact that an action is without merit does not amount to bad faith."  BDT Prods. Inc. v. Lexmark Intern, Inc., 602 F.3d 742, 753 (6th Cir. 2010).  The Court stated:

> By this, we mean that in order for a court to find bad faith sufficient for imposing sanctions under its inherent powers, the court must find *something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings (quoting Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985)). Id. p. 754.

The undersigned filed the 1983 action on behalf of Plaintiffs, to address what the undersigned deemed a deprivation of Plaintiffs' civil rights by a governmental entity and state actor, to further the interest of the 42 U.S.C. § 1983 civil right law.  It was not intended to harass the County or Ms. Douglas, nor burden her financially or otherwise.  In fact, the undersigned believed the County was paying Ms. Douglas' attorney fees.

Plaintiffs' counsel did not engage in vexatious conduct.  Their filings included the Third Amended Complaint and Response to Motion to Dismiss.  The undersigned propounded one (1) Interrogatory Request and one (1) Production of Documents Request, (Docs. 47 and 48), and a three-page Protective Order from the 327 admissions that Ms. Douglas filed.  (Doc. 84).

5

The undersigned believes that a great number of the hours and time that Ms. Douglas' attorney incurred were unnecessary. Respectfully, Plaintiffs should not be sanctioned for that.

**C.  Plaintiffs' 1983 claim does not rise to level of frivolity to warrant fees pursuant to Tennessee Statutory law.**

Based on the above presentation, the undersigned respectfully submits the Court's dismissal of Plaintiffs' Section 1983 claims does not warrant attorney fees under this statute.

**D.  Plaintiffs are subject to the Court's inherent discretionary authority.**

Ms. Douglas seeks attorney fees pursuant to the court's inherent authority. An award of attorney fees under 28 U.S.C. § 1927 or under the court's inherent powers "rests in the sound discretion of the trial court." Kleinmark v. St. Catherine's Care Center, 585 F.Supp.2d 961, 964 (N.D. Ohio, 2008).

The undersigned does not, in any way, minimize the significance and toll of litigation, and she prays that the Court does not grant Ms. Douglas attorney fees post hoc because Plaintiffs were not a prevailing party. She respectfully asks that the Court rely on its inherent power and upon equitable principles and find that Plaintiffs' claims were not frivolous or vexatious.

## II.  CONCLUSION

Based on the foregoing, the undersigned respectfully asks the Court to find Plaintiffs' claims were not frivolous or vexatious.

Respectfully submitted this 29th day of May 2018.

| s/ Valerie V. Vie | /s/ Lucinda Jones |
|---|---|
| Valerie V. Vie | Lucinda Jones |
| 5682 Palazzo Way, Suite 102 | P. O. Box 442111 |
| Douglasville, Georgia  30134 | Detroit, Michigan  48244 |
| Georgia Bar No. 727617 | Michigan Bar No. P81484 |
| Tel:  770-949-1102 | Tele:  404-771-5790 |
| vaerievvie@gmail.com | advocate.lucinda@gmail.com |

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **KATORIA S. WILLIAMS,** } | |
| **DEMETRI M. FAULKNER** } | |
| Plaintiffs, } | |
| }| CIVIL ACTION |
| vs. } | FILE NO. 2:17-cv-2284-JPM-cgc |
| } | |
| **SHELBY COUNTY BOARD OF EDUCATION;** } | NON-JURY DEMAND |
| **SHELBY COUNTY SCHOOL SYSTEM;** } | |
| **MEMPHIS CITY SCHOOL SYSTEM, AND** } | |
| Registered Agent, MARJORIE N. DOUGLAS, } | |
| in her Official and Individual Capacity, and its } | |
| assigns, successors in interest, et al. } | |
| Defendants. } | |

## CERTIFICATE OF SERVICE

This certifies that we have this day served opposing counsel with Plaintiffs' Response to Marjorie Douglas' Motion for Attorney Fees and Expenses efile, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorney of record:

Gabriel M. McGaha
Attorney at Law
Fisher & Phillips LLP
1715 Aaron Brenner Drive, Suite 312
Memphis, TN 38120

Robert O. Binkley, Jr.
Rainey, Kizer, Reviere & Bell, P.L.C.
209 East main Street
P.O. Box 1147
Jackson, TN  38302-1147

Robin H Rasmussen
Dinkelspiel Rasmussen & Mink, PLLC
1669 Kirby Parkway, Suite 106
Memphis, TN  38120

Respectfully submitted this 29th day of May, 2018.

| | |
|---|---|
| s/ Valerie V. Vie | /s/ Lucinda Jones |
| Valerie V. Vie | Lucinda Jones |
| 5682 Palazzo Way, Suite 102<br>Douglasville, Georgia 30134<br>Georgia Bar No. 727617<br>Tel: 770-949-1102<br>Fax: 770-949-1103<br>valerievvie@gmail.com | P. O. Box 442111<br>Detroit, Michigan 48244<br>Michigan Bar No. P81484<br>Tele: 404-771-5790<br>advocate.lucinda@gmail.com |