IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

KATORIA S. WILLIAMS and
DEMETRI M. FAULKNER

    Plaintiffs,

vs.                                                            No. 2:17-cv-2284

SHELBY COUNTY BOARD OF EDUCATION;
SHELBY COUNTY SCHOOL SYSTEM;
MEMPHIS CITY SCHOOL SYSTEM, and
Registered Agent, MARJORIE N. DOUGLAS,
In her Official and Individual Capacity, and
its assigns, successors in interest, et al,

    Defendants.

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR NOTICE CHALLENGING THE CONSTITUTIONALITY OF T.C.A. § 29-20-113

COME NOW Plaintiffs Katoria S. Williams ("Ms. Williams") and Demetri M. Faulkner ("Ms. Faulkner") collectively ("Plaintiffs") by and through their attorney of record and submit their Memorandum in Support of Their Notice Challenging the Constitutionality of T.C.A. § 29-20-113.  Plaintiffs request this Honorable Court to determine that T.C.A. § 29-20-113 violates Federal law and is unconstitutional for two reasons: (1) Tenn. Code Ann. § 29-20-113, as applied to 42 U.S.C. § 1988(B)'S provisions for attorney fees, violates the supremacy clause, Article VI, CL. 2 of the United States Constitution; and (2) Tenn. Code Ann. § 29-20-113 violates the fourteenth amendment due process clause of the United States Constitution.  Moreover, as a result of Tenn. Code Ann. § 29-20-113 violation, Defendant, Marjorie Douglas is not entitled to attorney fees.

1

# I. TENN. CODE ANN. § 29-20-113, AS APPLIED TO 42 U.S.C. § 1988(B)'S PROVISIONS FOR ATTORNEY FEES, VIOLATES THE SUPREMACY CLAUSE, ARTICLE VI, CL. 2 OF THE UNITED STATES CONSTITUTION.

The Supremacy Clause of the federal Constitution establishes that the laws of the United States, "shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any state to the Contrary notwithstanding." U.S. Const., art VI, cl. 2; *Cipollone v. Ligett Group, Inc.*, 505 U.S. 504, 516 (1992). It is well established that the Supremacy Clause gives Congress the power to preempt state law. *Cipollone.*, 505 U.S. at 516. Congress may preempt state law expressly or impliedly. *Id*. Congress may exercise its power of preemption by enacting an express preemption provision, or Courts may infer preemption under one or more of three implied preemption doctrines: conflict, obstacle, or field preemption." *Id*.; *Jones v. Rath Packing Co*., 430 U.S. 519, 525 (1977) ("Congress' intent may be 'explicitly stated in the statute's language or implicitly contained in its structure and purpose.'")

Express preemption occurs when Congress defines the extent to which its enactments preempt state law. *Cipollone*, 505 U.S. at 516; *Rath*, 430 U.S. at 525. Field preemption applies when federal regulation is comprehensive and leaves no room for state regulation. *See Pacific Gas & Elec. Co. v. State Energy Resources Conservation and Development Comm'n*, 461 U.S. 190, 204 (1983). "In the absence of an express congressional command, state law is pre-empted if that law actually conflicts with federal law, or if federal law so thoroughly occupies a legislative field 'as to make reasonable the inference that Congress left no room for the States to supplement it.'" *See Pacific Gas & Elec. Co.*, 461 U.S. at 204; *see also Fidelity Fed. Sav. & Loan Assn. v. De la Cuesta*, 458 U.S. 141, 153, (1982) (quoting *Rice v. Santa Fe Elevator Corp*., 331 U.S. 218, 230 (1947)). Obstacle preemption occurs when state law stands as an obstacle to

the full accomplishment and execution of congressional objectives. *Pacific Gas & Elec. Co. v. State Energy Resources Conservation and Development Comm'n*, 461 U.S. 190, 204 (1983)(quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)). Even where Congress has not entirely displaced state regulation in a specific area, state law is pre-empted to the extent that it actually conflicts with federal law. Such a conflict arises when "compliance with both federal and state regulations is a physical impossibility." *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-143 (1963).

The United States Supreme Court has identified "two cornerstones" of federal preemption analysis. *Wyeth v. Levine*, 555 U.S. 555, 565 (2009). First, the question of preemption "fundamentally is a question of congressional intent." *English v. General Electric Co.*, 496 U.S. 72, 79 (1990); see also *Wyeth*, 555 U.S. at p. 565 ("[T]he purpose of Congress is the ultimate touchstone in every pre-emption case."). If a statute "contains an express pre-emption clause, the Court's 'task of statutory construction must in the first instance focus on the plain wording of the clause, which necessarily contains the best evidence of Congress' pre-emptive intent.'" *Sprietsma v. Mercury Marine*, 537 U.S. 51, 62–63 (2002). Also relevant, however, is the "structure and purpose of the statute as a whole," as revealed not only in the text, but "through the reviewing court's reasoned understanding of the way in which Congress intended the statute and its surrounding regulatory scheme to affect business, consumers, and the law." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 486 (1996). Accordingly, "the purpose of Congress is the ultimate touchstone" of pre-emption analysis. *Malone v. White Motor Corp.*, 435 U.S. 497, 504 (1978) (quoting *Retail Clerks v. Schermerhorn*, 375 U.S. 96, 103 (1963)).

Tenn. Code Ann. § 29-20-113(a) should be declared unconstitutional on the basis of obstacle preemption. Obstacle preemption occurs when state law stands as an obstacle to the full

accomplishment and execution of congressional objectives. *Pacific Gas & Elec. Co. v. State Energy Resources Conservation and Development Comm'n*, 461 U.S. 190, 204 (1983)(quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)). Here, Tenn. Code Ann. § 29-20-113 stands as an obstacle to the full accomplishment and execution of congressional cases brought under Section 1983 and the awarding of attorney's fees under Section 1988 in several ways.

First, Congress sought in enacting 1988 for courts to have discretion to award attorney fees. 42 U.S.C. § 1988(b). Tenn. Code Ann. § 29-20-113 eradicates the delicate balance of separation of powers that Congress expressly considered and stated in Section 1988. Second, Tenn. Code Ann. § 29-20-113 effectively prevents plaintiffs from filing suit under color of law against defendants in their individual capacity because it punishes plaintiffs with the responsibility of paying attorney's fees for filing suit against defendants in their individual capacity. Congress never intended to punish plaintiffs for filing suit against those who may have acted under color of law to violate a plaintiff's civil rights. Third, Tenn. Code Ann. § 29-20-113 fails to equally consider a plaintiff or defendant as a "prevailing party" as Congress intended under Section 1988. Fourth, Tenn. Code Ann. § 29-20-113 does not take into account the different equitable considerations at stake for awarding attorney's fees to defendants under civil rights cases. Tenn. Code Ann. § 29-20-113 frustrates the congressional intent of Section 1988 as gleamed by the United States Supreme Court because Congress sought "to protect defendants from burdensome litigation having no legal or factual basis" under Section 1988, and Congress authorized fees under Section 1988 to plaintiffs to compensate them for the costs of redressing civil rights violations. *Fox v. Vice*, 563 U.S. 826, 833 (2011); *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978). Vindication of civil rights violations was something Congress considered of the highest priority, which Tenn.

Code Ann. § 29-20-113(a) ultimately frustrates. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968).

Section 1988(b) states in relevant part: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985 and 1986 of this title … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs …" 42 U.S.C. § 1988(b). Most decisions addressing an award of attorney's fees under § 1988 have concerned the grant of fees to prevailing plaintiffs. *Fox v. Vice*, 563 U.S. 826, 833 (2011). An award of attorney fees against a losing plaintiff in a civil rights action "is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (quoting *Jones v. The Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). "A prevailing defendant should only recover upon a finding by the district court that 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). The *Christianburg* Court reasoned that the term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case. *Id.* The *Christianburg* Court further noted that the allowance of awards to defendants is to serve "to deter the bringing of lawsuits without foundation," "to discourage frivolous suits" and "to diminish the likelihood of unjustified suits being brought." *Id.* at 420.

In *Christianburg*, the Supreme Court cautioned against awarding fees too freely to prevailing defendants in civil rights cases:

> "In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that,

5

because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."

*Christianburg*, 434 U.S. at 421-22.

With these principles in mind, applying Tenn. Code Ann. § 29-20-113 would frustrate the very intent of Congress and supplant federal Constitutional law, which would violate the Supremacy Clause of the United States Constitution. First, under Tenn. Code Ann. § 29-20-113, there is no room for a court to have discretion to award attorney fees such as available under 42 U.S.C. § 1988. Tennessee Code Annotated § 29-20-113 states in relevant part:

> "(a) Notwithstanding § 20-12-119(c)(5)(A), if a claim is filed with a Tennessee or federal court, the Tennessee claims commission, board of claims, or any other judicial body established by the state or by a governmental entity of the state, against an employee of the state or of a governmental entity of the state in the person's individual capacity , and the claim arises from actions or omissions of the employee acting in an official capacity or under color of law, and that employee prevails in the proceeding as provided in this section, then the court or other judicial body on motion ***shall*** award reasonable attorneys' fees and costs incurred by the employee in defending the claim filed against the employee."
>
> (b) For purposes of this section, the employee shall be the prevailing party if:
>
>> (1) The employee successfully defends the claim alleging individual liability; or
>>
>> (2) The claim of an individual liability is dismissed with or without prejudice after forty-five (45) days have elapsed after an answer or other responsive pleading is filed in which the employee asserts the employee was not acting within the employee's individual capacity at the time of the matters stated in the complaint.

Tenn. Code Ann. § 29-20-113(a), (b) (emphasis added).

Tenn. Code Ann. § 29-20-113(a) is meant to mirror 42 U.S.C. § 1983 and § 1988 because it deals with claims "against an employee of the state or of a governmental entity of the state in the person's individual capacity," that "arises from actions or omissions of the employee acting in an official capacity or under color of law." Tenn. Code Ann. § 29-20-113(a). However, the stark difference is that under Section 1988, a court "in its discretion *may* allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs." 42 U.S.C. § 1988(b) (emphasis added). Tenn. Code Ann. § 29-20-113 does not allow for such discretion, which violates Congressional intent in Section 1988 to carefully respect the separation of powers between the judicial branch and the legislative branch. It is the intent of Congress that awarding attorney's fees as part of the costs should be given to the sole discretion of the court. 42 U.S.C. § 1988(b). Congress explicitly stated that a court awarding attorneys fees under Section 1988 "in its discretion may allow the prevailing party… a reasonable attorney's fees as part of the costs. 42 U.S.C. § 1988(b).

Second, Tenn. Code Ann. § 29-20-113 would frustrate the very intent of Congress and violate the Supremacy Clause of the United States Constitution because Tenn. Code Ann. § 29-20-113(a) effectively prevents Plaintiffs from filing suit under color of law against an individual in their individual capacity. This is because plaintiffs would be punished by being required to pay attorney's fees to prevailing defendants they have sued in their individual capacity. The Supreme Court of the United States warned against this type of reasoning in *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). The *Christianburg* Court reasoned, "[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but

the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Christianburg*, 434 U.S. at 421-22.

The Tennessee statute all but requires for a plaintiff to have absolute success that they will prevail against an individual in their individual capacity, or they will be punished for bringing suit by being required to pay the defendant's attorney's fees. Tenn. Code Ann. § 29-20-113 specifically targets plaintiffs by stating an "employee" that "prevails in the proceeding" "shall" be awarded attorney's fees and costs that they have incurred. Tenn. Code Ann. 29-20-113(a). This is also not found in Section 1988, where Congress explicitly uses the term "prevailing party." 42 U.S.C. § 1988. *Christianburg* also warns against this, stating, "No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable." *Christianburg*, 434 U.S. at 421.

Third, under Section 1988, "the prevailing party," equally considers a plaintiff or defendant as being a prevailing party. 42 U.S.C. § 1988. In fact, under Section 1988, most decisions addressing an award of attorney's fees under § 1988 have concerned the grant of fees to prevailing plaintiffs. *Fox v. Vice*, 563 U.S. 826, 833 (2011). An award of attorney fees against a losing plaintiff in a civil rights action "is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (quoting *Jones v. The Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). Tenn. Code Ann. § 29-20-113 explicitly favors Defendants sued in their individual capacity, "and the claim arises from actions or omissions of the employee acting in an official capacity or under color of law." Tenn. Code Ann. § 29-20-113(a) usurps the intent of Congress because Congress intended explicitly that a "prevailing party" "may" be awarded attorney's fees. 42 U.S.C. § 1988, not just

defendants sued in their individual capacity. It is clear that Tenn. Code Ann. § 29-20-113 prevents the intention of Congress from being effectuated and must be struck down as unconstitutional.

Fourth, under Section 1988, the United States Supreme Court has given prevailing Defendants an extra hurdle to collect attorney's fees. *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). This is because there are "quite different equitable considerations" at stake when it comes to prevailing defendants. *Fox v. Vice*, 563 U.S. 826, 835 (2011). The United States Supreme Court reasoned that in enacting § 1988, "Congress sought 'to protect defendants from burdensome litigation having no legal or factual basis.'" *Fox*, 563 U.S. at 835; *Christianburg*, 434 U.S. at 420. Accordingly, § 1988 authorizes a district court to award attorney's fees to a defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christianburg*, 434 U.S. at 421; *see also Kentucky v. Graham*, 473 U.S. 159, 165, n.9 (1985).

Under Section 1988, a prevailing Defendant must prove that the Plaintiff's claims are frivolous, unreasonable or without foundation. *Id.* "A prevailing defendant should only recover upon a finding by the district court that 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). To determine whether a claim is frivolous, unreasonable or groundless, the court must determine plaintiff's basis for filing the suit. *Smith v. Smythe—Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985). Awards to prevailing defendants will depend on the factual circumstances of each case. *Id.* Courts have awarded attorney fees to prevailing defendants where no evidence supports the plaintiff's position or the defects in the suit are of such

9

magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate. *Id.* However, the mere fact that allegations prove legally insufficient to require a trial does not, for that reason alone, render a complaint groundless. *Hughes v. Rowe*, 449 U.S. 5 (1980).

However, Tenn. Code Ann. § 29-20-113 lacks this extra hurdle, which ultimately violates and frustrates the congressional intent of Section 1988 as gleamed by the United States Supreme Court. The Supreme Court reasoned that in enacting § 1988, "Congress sought 'to protect defendants from burdensome litigation having no <u>legal or factual basis</u>.'" *Fox*, 563 U.S. at 835; *Christianburg*, 434 U.S. at 420 (emphasis added). In enacting Section 1988, the Supreme Court reasoned that Congress authorized fees to plaintiffs to compensate them for the costs of redressing civil rights violations. *Fox*, 563 U.S. at 833; *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). "When a plaintiff succeeds in remedying a civil rights violation, he serves as 'a private attorney general, vindicating a policy that Congress considered of the highest priority.'" *Fox*, 563 U.S. at 833 (quoting *Newman v. Piggie Park Enterprises, Inc*., 390 U.S. 400, 402 (1968)). Under preemption analysis, "the purpose of Congress is the ultimate touchstone." *Malone v. White Motor Corp.*, 435 U.S. 497, 504 (1978) (quoting *Retail Clerks v. Schermerhorn*, 375 U.S. 96, 103 (1963)). Since vindication of civil rights violations was the ultimate intent of Section 1988 and something that Congress considered of the highest priority, it reasonably follows that Tenn. Code Ann. § 29-20-113's mandate of Plaintiffs to pay defendants in their individual capacity who prevail obstructs Congressional intent for civil rights cases.

Under these reasons, Tenn. Code Ann. § 29-20-113 stands as an obstacle to the full accomplishment and execution of congressional objectives for civil rights cases and accordingly, must be struck down as unconstitutional. *Pacific Gas & Elec. Co. v. State Energy Resources*

*Conservation and Development Comm'n*, 461 U.S. 190, 204 (1983)(quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)).

    **II.   TENN. CODE ANN. § 29-20-113 VIOLATES THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION.**

Tenn. Code Ann. § 29-20-113 violates the Fourteenth Amendment Due Process Clause of the United States Constitution because it deprives plaintiffs of property without an opportunity to present objection as to whether a defendant in their individual capacity should be awarded attorney fees under Section 1988, and whether such attorney fees are reasonable. The Fourteenth Amendment to the United States Constitution provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, cl. 1; *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 755 (2005). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 17 (1978) (quoting *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314 (1950)). The 'root requirement' of the Due Process Clause is "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest." *McKesson Corp. v. Div. if Alcoholic Beverages & Tobacco*, 496 U.S. 18, 37 (1990); *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542 (1985). The deprivation of money is a property deprivation which is protected by the Fourteenth Amendment. *See Fuentes v. Shevin*, 407 U.S. 67, 84-85 (1972).

*Mathews v. Elridge*, 424 U.S. 319 (1976), is the framework of analysis to determine the specific dictates of due process required. Under the *Mathews* test, three factors must be considered to identify the specific dictates of due process: (1) the private interest that will be

11

affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews*, 424 U.S. at 334-35.

According to Tenn. Code Ann. 29-20-113(a), there is NO opportunity for a hearing before a plaintiff is deprived of their significant property interest in their money. *McKesson Corp. v. Div. if Alcoholic Beverages & Tobacco*, 496 U.S. 18, 37 (1990); *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542 (1985). Tenn. Code Ann. § 29-20-113 requires a court to award attorney's fees to an employee sued in their individual capacity that prevails on a claim arising from actions or omissions of the employee acting in an official capacity or under color of law. Under Tenn. Code Ann. § 29-20-113(a), there is no room for judicial consideration or discretion. Tenn. Code Ann. §29-20-113(a) specifically states upon the employee prevailing in the proceeding, "the ***court or other judicial body shall award reasonable attorneys' fees and costs incurred by the employee in defending the claim filed against the employee***." Tenn. Code Ann. § 29-20-113(a)(emphasis added). According to Tenn. Code Ann. § 29-20-113(a), a plaintiff is required to pay their money to a defendant sued in their individual capacity without any opportunity to present objection to the court. This means that Tenn. Code Ann. § 29-20-113(a) on its face allows the deprivation of money from all plaintiffs who have sued a defendant in their individual capacity and that defendant prevailed, without ANY type of process. The Supreme Court of the United States has consistently held that "some kind of hearing is required at some time before a person is finally deprived of his property interests." *Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974).

Tenn. Code Ann. § 29-20-113(a) does not give any type of hearing before a plaintiff is required to pay attorneys fees to a prevailing defendant sued in their individual capacity. This lack of opportunity to a plaintiff to present objection as to whether a defendant in their individual capacity should be awarded attorney fees under Section 1988 and whether such attorney fees are reasonable carries a very high "risk of erroneous deprivation." *Mathews*, 424 U.S. at 334-35. This is because it takes a court's discretion away to determine if the defendant is even entitled to attorney fees in the first place. There is high probable value of additional or substitute procedural safeguards here, such as allowing a court to exercise discretion as to whether a defendant sued in their individual capacity is entitled to attorney fees and whether those fees are reasonable. *Id.* The "private interest that will be affected" by Tenn. Code Ann. § 29-20-113 is that plaintiffs are automatically deprived of money if a defendant sued in their individual capacity prevails without any type of process. *Mathews*, 424 U.S. at 334-35. This would also deter plaintiffs from wanting to file suit at all against any defendant in their individual capacity.

Finally, the Government's interest here does not outweigh the gross absence of due process afforded to plaintiffs that sue defendants in their individual capacity. *Mathews*, 424 U.S. at 334-35. In fact, the Government benefits from Tenn. Code Ann. § 29-20-113 at the expense of plaintiffs if "the state or the governmental entity represents, or retains and agrees to pay for counsel to represent the employee sued in an individual capacity." Tenn. Code Ann. § 29-20-113(d). Again, plaintiffs who have sued a defendant in their individual capacity and the defendant prevails are the ones who suffer an extreme deprivation of having to pay for the attorney's fees of that defendant without any type of discretion allowed to the court to determine if they are deserved or reasonable. Thus, Tenn. Code Ann. § 29-20-113 violates the Fourteenth Amendment Due Process Clause of the United States Constitution because it fails to provide any

type of process to plaintiffs who will be deprived of their money if a defendant sued in their individual capacity prevails.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court issue a ruling that Tenn. Code Ann. § 29-20-113 is unconstitutional for two reasons: (1) Tenn. Code Ann. § 29-20-113, as applied to 42 U.S.C. § 1988(B)'S provisions for attorney fees, violates the supremacy clause, Article VI, CL. 2 of the United States Constitution; and (2) Tenn. Code Ann. § 29-20-113 violates the fourteenth amendment due process clause of the United States Constitution. Moreover, Plaintiffs request that the Court reverse its ruling awarding attorneys' fees to Defendant, Douglas because Tenn. Code Ann. § 29-20-113 is unconstitutional and non-binding.

Respectfully submitted,

/s/ Darrell J. O'Neal
Darrell J. O'Neal (BPR #20927)
Law Office of Darrell J. O'Neal
2129 Winchester Road
Memphis, TN 38116
(901) 345-8009 Phone
(901) 345-8014 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of December, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing report. All other parties will be served by facsimile, e-mail or regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Darrell J. O'Neal
Darrell J. O'Neal