# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| KATORIA S. WILLIAMS and <br> DEMETRI M. FAULKNER, <br>     Plaintiffs, <br><br> v. <br><br> SHELBY COUNTY SCHOOL SYSTEM, <br> MEMPHIS CITY SCHOOL SYSTEM, and <br> REGISTERED AGENT, MARJORIE N. <br> DOUGLAS, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 2:17-cv-02284-TLP-cgc <br><br> JURY DEMAND |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ADDITIONAL ATTORNEY'S FEES

Defendant Marjorie N. Douglas ("Douglas") moves for an award of additional attorney's fees and expenses incurred in preparing her initial Motion for Attorney's Fees and Expenses (ECF No. 110). (ECF No. 164.) Douglas seeks $ 3,762.10 in additional fees. Plaintiffs have responded and argue that such fees are unjustified under the circumstances. (ECF No. 165.) In any event, the Court GRANTS IN PART AND DENIES IN PART the Motion for the reasons below.

## BACKGROUND

A discussion of the facts underlying this litigation is unnecessary as those details have been thoroughly discussed in other orders. (*See* ECF Nos. 108 & 163.) That said, the Court will summarize its Order Granting In Part and Denying In Part the Motion for Attorney's Fees. (ECF No. 163.)

Douglas moved for an award of attorney's fees and expenses after the Court granted her Motion to Dismiss. (*See* ECF No. 110.) Douglas argued that such an award was warranted under several statutes and this Court's inherent authority. (*Id*.) Ultimately, the Court sided in part with

Douglas and awarded her fees and expenses totaling $47,811.50.[1]  (*See* ECF No. 163.)  The fees were awarded under 28 U.S.C. § 1927 and Tennessee Code Annotated § 29-20-113(a).

First, the Court determined that Valerie Vie and Lucinda Jones acted in a manner that fell objectively short of the duty owed by attorneys to the Court and, that in doing so, they abused the judicial process.  (ECF No. 163 at PageID 1263–65.)  These actions created a needless multiplication of the proceedings and an expansive litigation bill for Douglas.  This Court found that this conduct was sanctionable under 28 U.S.C. § 1927.  (*Id*. at PageID 1265.)  So a sanction in the amount of $39,842.92 was imposed against Ms. Vie and Ms. Jones under that statute.  (*Id*. at PageID 1269.)

Second, the Court awarded Douglas fees under a Tennessee fee shifting statute.  (ECF No. 163 at PageID 1271–72.)  This statute requires courts to award reasonable attorney's fees and expenses to a prevailing state employee sued in her individual capacity for actions arising out of her official capacity.  Tenn. Code Ann. § 29-20-113.  The Court held that this statute embodies a substantive policy of the State that does not interfere with a valid federal statute or court rule.  (*Id*. at PageID 1271.)  So the statute was applied to this case.   The Court limited the award under this statute to the state-law claims brought against Douglas in her individual capacity.  (*Id*.)  This resulted in Plaintiffs being liable for $7,968.58 in attorney's fees and expenses to Douglas.  So the total amount awarded to Douglas was $47,811.50.  (ECF No. 164.)

---

[1] This award is broken down into two amounts.  First, the Court sanctioned Valerie Vie and Lucinda Jones, Plaintiffs' attorneys, in the amount of $39,842.92.  Second, Plaintiffs' were found to be liable for $7,968.58 of the total amount.  $39,842.92 + $7,968.58 = $47,811.50.  (ECF No. 163 at PageID 1273.)

Following this award, Douglas moved for attorney's fees and expenses incurred in preparing and litigating her motion for the initial award.

## LEGAL STANDARD

The phrase used to describe the recovery of attorney's fees incurred in preparing a motion for attorney's fees is "fees for fees." The Sixth Circuit states that fees-for-fees awards should be given to compensate a party awarded fees under a fee-shifting statute. *See Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 620 (6th Cir. 2007). Courts deciding motion for attorney's fees should only award fees "reasonably expended in the prosecution of the litigation." *Inwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008). A reasonable fee is determined by multiplying the number of hours reasonably spent preparing and litigating a motion for attorney's fees by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983). This is called the "lodestar" method. *Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986).

## ANALYSIS

Douglas seeks $3,762.10[2] in additional fees for time spent preparing and litigating her original motion for attorney's fees. (ECF No. 164-1 at PageID 1278.) This Court has already held that the hourly rate billed by Douglas' counsel is reasonable. (ECF No. 163 at PageID 1268.) So the Court need not address that issue. But the number of hours reasonably spent litigating the original motion for fees is unsettled.

---

[2] This includes $3,760.00 for hours billed and $2.10 for copy expenses. (*See* ECF No. 164-2.)

**I.     Number of Hours Reasonably Spent on the Motion for Attorney's Fees**

Douglas' attorneys submitted their billing records incurred litigating the original attorney's fees motion from November 7, 2018 to January 15, 2019. (ECF No. 164-2.) The bill states that Robert O. Binkley, Jr., counsel for Douglas, billed 3.6 hours during this time frame. (*Id*.) And Jennifer Ivy, also counsel for Douglas, billed 14.3 hours during this period. (*Id*.) Each time entry describes in sufficient detail the work performed to justify the time billed.

In response, Plaintiffs argue that various entries are unreasonable because they are duplicitous or otherwise unjustifiable. (ECF No. 165 at PageID 1289–90.) For example, Plaintiffs assert that Ms. Ivy submitted a duplicitous bill for two telephone calls to Douglas on November 8, 2018, and November 12, 2018, for a status conference held by the Court. (*Id*.; *see also* ECF No. 164-2 at PageID 1280.) And Plaintiffs point out that Mr. Binkley made two entries on November 13, 2018, with exactly the same description and for the same time. (*Id*.) Plaintiffs also oppose an entry for time spent discussing a "motion for default" with Douglas that was not filed. (*Id*.)

The Court finds that 0.10 hours billed by Mr. Binkley and 0.30 hours billed by Ms. Ivy should be stricken. First, Mr. Binkley billed 0.10 hours on November 8, 2018, for email correspondence between himself and counsel for Defendant Shelby County School System. (*See* ECF No. 164-2 at PageID 1280.) This conversation would, in the Court's view, have been only tangentially related to the motion for attorney's fees and was unnecessary. Second, Ms. Ivy billed Douglas for 0.30 hours on November 12, 2018, for time spent corresponding with Douglas about a status conference held by the Court. (See ECF No. 164-2 at PageID 1280.) This entry appears to be duplicitous of an entry on November 13, 2018, for exactly the same status conference. (*See id*. at PageID 1281.) Plaintiffs should not bear the fees billed for the November 12, 2018, discussion

4

due to the timing of the conversations. Striking this entry also deals with Plaintiffs' argument that they should not have to pay for the discussion about the "motion for default." Finally, the Court also reviewed the two entries made by Mr. Binkley on November 13, 2018, each for 1.50 hours. (*See* ECF No. 164-2 at PageID 1280.) But Mr. Binkley only billed for one of those entries. (*See id*.) So the Court finds this to be a non-issue. The Court, therefore, finds that the reasonable time spent litigating the underlying motion amounts to 3.50 hours for Mr. Binkley and 14.00 hours for Ms. Ivy.

## II.     Plaintiffs' Other Arguments Against the Award

Plaintiffs also argue that the fees requested should be reduced for various reasons unrelated to the reasonableness of the time billed. (ECF No. 165.) First, Plaintiffs state that a fees-for-fees award is capped at three percent of the award for the main case under the *Coulter* rule. (ECF No. 165 at PageID 1288); *see also Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (setting a three-percent cap on fees awarded in the main case). Yet the Sixth Circuit abrogated *Coulter*'s fees cap in *Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 725 (6th Cir. 2016). So this argument lacks support.

Next, Plaintiffs argue that $2.00 worth of copies made were merely for the convenience of Douglas and her counsel and, as such, are not recoverable.[3] (ECF No. 165 at PageID 1290.) Twenty-eight U.S.C. § 1920(4) allows judges of any court of the United States to tax as costs "[f]ees for . . . the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

---

[3] Plaintiffs do not oppose $0.10 billed for the copying of an order. (*See* ECF No. 165 at PageID 1290.)

Whether a copy of any material is "necessarily obtained for use in the case" must be "determined as of the time of taking, and the fact that a [document] is not actually used . . . is not controlling." *White v. Baptist Memorial Hosp.*, No. 08-2478, 2012 WL 3776918, at *6 (W.D. Tenn. Aug. 29, 2012) (quoting *Whitesell Corp. v. Whirlpool Corp.*, 2020 WL 1875513 (W. D. Mich. May 10, 2010) (alteration in original). That said, charges should sufficiently document the purposes for the copying cost to justify the use in the case. *See Boynton v. Headwaters, Inc.*, No. 1:02-cv-0111-JPM-egb, 2012 WL 12915411, at *3 (W.D. Tenn. Mar. 13, 2012).

Here, each entry vaguely describes what was copied but does not tell why the attorney made the copy. The explanations for the expenses therefore lack sufficient detail from which the Court can find they were necessary for use in the case. So Plaintiffs should not bear these costs under 28 U.S.C. § 1920(4). The $2.10 of expenses are thus deducted from the requested award.

## III. Reasonable Fee Award

The Court must now determine what a reasonable fees-for-fees award is here. The Court earlier determined that Mr. Binkley and Ms. Ivy's hourly rates of $250.00 and $200.00, respectively, are reasonable. (ECF No. 163 at PageID 1268.) The Court finds that the reasonable number of hours billed by Mr. Binkley is 3.50 hours. This time multiplied by his hourly rate equals $875.00. Ms. Ivy's remaining time billed is 14.00 hours. This time multiplied by her hourly rate equals $2,800.00. This totals $3,675.00 in reasonable fees.

As a result, the Court awards Douglas $3,675.00 in attorney's fees for expenses incurred in preparing and litigating the original Motion for Attorney's Fees.

## CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART Douglas' Motion for Additional Attorney's Fees and Expenses. The Motion for Expenses is DENIED. The Motion for Additional Attorney's Fees is GRANTED to the extent that the Court awards her $3,675.00 in fees.

**SO ORDERED,** this 14th day of June, 2019.

s/Thomas L. Parker<br>
THOMAS L. PARKER<br>
UNITED STATES DISTRICT JUDGE