**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: March 12, 2020

Robert Otis Binkley Jr.
Mr. Matthew Robert Courtner
Ms. Jennifer Vallor Ivy
Rainey, Kizer, Reviere & Bell
P.O. Box 1147
Jackson, TN 38302

Ms. Lucinda Jones
P.O. Box 442111
Detroit, MI 48244

Mr. James Robert Newsom III
Office of the Attorney General of Tennessee
500 Charlotte Avenue
Nashville, TN 37243

Mr. Darrell J O'Neal
2129 Winchester Road
Memphis, TN 38116

Re: Case Nos. 19-5238/19-5789, *Katoria Williams, et al v. Shelby County School System, et al*
Originating Case No. : 2:17-cv-02284

Dear Counsel,

The Court issued the enclosed opinion today in theses cases.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. Thomas M. Gould

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0146n.06

Case Nos. 19-5238/5789

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 12, 2020
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| KATORIA S. WILLIAMS and DEMETRI M. FAULKNER, <br><br> Plaintiffs-Appellants, <br><br> LUCINDA JONES and VALERIE V. VIE, <br><br> Interested Parties-Appellants, <br><br> v. <br><br> SHELBY COUNTY SCHOOL SYSTEM, et al., <br><br> Defendants-Appellees, <br><br> STATE OF TENNESSEE, <br><br> Intervenor-Appellee. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE <br><br><br> OPINION |

BEFORE: GIBBONS, McKEAGUE, and WHITE, Circuit Judges.

**McKEAGUE, Circuit Judge.** These appeals are less complicated than the caption implies. The Shelby County, Tennessee School System terminated its contract with Katoria Williams in December 2013, and Williams sued the school system and her supervisor, Marjorie Douglas, four years later in 2017.[1] All of Williams's federal- and state-law claims against Douglas

---

[1] Demetri Faulkner is Williams's co-plaintiff, but because their allegations are not materially different we refer to them collectively as "Williams."

Case Nos. 19-5238/5789, *Williams v. Shelby Cty. Sch. Sys.*

fell outside the applicable statutes of limitations, however, which range from thirty days to three years. So the district court dismissed the claims against Douglas on her motion.

Contending that the case against her was frivolous, Douglas moved for attorney's fees. Williams objected, initially arguing only that Douglas was not entitled to fees because the case was not frivolous or brought in bad faith, and that the requested fees were unreasonable. Six months later, after the district court held a status conference and indicated that it would award fees to Douglas, Williams filed a motion arguing that the Tennessee statute requiring losing plaintiffs to pay the fees of prevailing state employees, Tenn. Code Ann. § 29-20-113(a), is unconstitutional. Incidentally, this is why Tennessee got involved—Williams moved to certify the constitutionality of § 29-20-113(a), and Tennessee intervened.

The district court granted Douglas's motion and denied Williams's in a February 7, 2019 order. It found that Williams waived her unconstitutionality argument and awarded Douglas $7,968.58 in fees against Williams under § 29-20-113(a)—but only for her state-law claims. The district court further awarded Douglas $39,842.92 in fees against Williams's attorneys Lucinda Jones and Valerie Vie under federal law, which allows courts to sanction attorneys who "multipl[y] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927.

Here's where things get odd. Douglas then requested "fees for fees"—that is, attorney's fees incurred while preparing the original motion for fees. Before the district court ruled on the fees-for-fees motion, Jones and Vie appealed the district court's February 7 order within thirty days of its entry. That appeal is case number 19-5238. Williams, however, didn't appeal until some four months later when the district court awarded Douglas $3,675-worth of fees for fees. Williams's appeal—case number 19-5789—challenges only the district court's refusal to hold § 29-20-113(a) unconstitutional in its February 7 order.

- 2 -

Case Nos. 19-5238/5789, *Williams v. Shelby Cty. Sch. Sys.*

We are thus left with two questions to answer: first, whether Williams's appeal is timely; and second, whether the district court abused its discretion in originally awarding Douglas fees (nobody challenges the award of fees for fees). The answer to both is no.

*Williams.* Williams's appeal is untimely because, unlike her attorneys, she didn't file a notice of appeal within thirty days of the district court's February 7 order. Generally, an appeal can be taken only within thirty days of the entry of a final order disposing of an entire lawsuit. 28 U.S.C. §§ 1291 and 2107(a); *see Gnesys, Inc. v. Greene*, 437 F.3d 482, 485 (6th Cir. 2005). Failure to timely appeal a final order deprives us of jurisdiction to review that order. *Bowles v. Russell*, 551 U.S. 205, 209 (2007). Parties typically file motions for attorney's fees *after* the entry of a final order, though, as was the case here. In such cases the motion "must be viewed as a separate lawsuit from the action which produced the underlying judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 920 F.3d 1103, 1106 (6th Cir. 2019) (quoting *In re Joint E. & So. Dists. Asbestos Litig.*, 22 F.3d 755, 760 (7th Cir. 1994)). Accordingly, like a lawsuit-ending final order, a postjudgment order awarding attorney's fees is final and appealable if it is "apparently the last order to be entered in the action." *Winget*, 920 F.3d at 1107 (quoting *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) (per curiam)). Put differently, a postjudgment order "is deemed final if it disposes of all the issues raised in the motion that initially sparked the postjudgment proceedings." *Mayer*, 672 F.3d at 1224.

The February 7 order was final and appealable. It fully disposed of every postjudgment issue before the district court at that time: Douglas's motion for fees, and Williams's related motion to certify the constitutionality of Tenn. Code Ann. § 29-20-113. That Douglas filed a fees-for-fees motion fourteen days after the order is immaterial. The February 7 order was still "*apparently* the last order to be entered" because there was nothing left to decide in Douglas's and Williams's

Case Nos. 19-5238/5789, *Williams v. Shelby Cty. Sch. Sys.*

motions—the initial spark to postjudgment proceedings. *Winget*, 920 F.3d at 1107 (emphasis added) (quoting *Mayer*, 672 F.3d at 1224).

Nor did the fees-for-fees motion reset the appeals clock for the February 7 order. Federal Rule of Appellate Procedure 4(a)(4)(A)(iii) provides that a motion for attorney's fees has the effect of resetting the appeals clock only if "the district court extends the time to appeal under [Federal Rule of Civil Procedure] 58." Williams didn't ask the district court for an extension. And the fees-for-fees motion didn't ask for reconsideration of the February 7 order, something that would automatically reset the appeal deadline. *See* Fed. R. App. P. 4(a)(4)(A)(iv) and (vi).

So, to challenge the February 7 order, Williams must have appealed within thirty days of that order's entry—not within thirty days of the fees-for-fees order's entry. Of course, Williams's appeal would be timely if she were challenging the district court's fees-for-fees order in some way. But she isn't. She takes issue only with the February 7 order. And her arguments, broadly construed, don't touch the fees-for-fees order because the district court didn't award fees for fees under the Tennessee law she attacks. Williams's appeal in case number 19-5789 is therefore untimely, and, lacking jurisdiction, we **DISMISS** it.

*Jones and Vie.* That leaves Jones and Vie, and the $39,842.92 in fees the district court pinned on them. They argue the case they brought against Douglas on Williams's behalf wasn't frivolous and didn't unreasonably or vexatiously multiply proceedings—thus, the district court abused its discretion in assessing fees against them.

We disagree. The district court was within its discretion to sanction Jones and Vie. "Maintaining a clearly time-barred lawsuit constitutes a classic example of conduct that warrants a sanction." *Carter v. Hickory Healthcare Inc.*, 905 F.3d 963, 969 (6th Cir. 2018). That classic example presented itself here. Williams's contract was terminated in December 2013, and

Case Nos. 19-5238/5789, *Williams v. Shelby Cty. Sch. Sys.*

Douglas's last alleged discriminatory act was in July 2014, yet Williams filed suit in April 2017. All but one of Williams's claims carried a statute of limitations of one year or less. That one outlier—Williams's state-law claim for inducement to breach of contract—accrued when Williams's contract ended in December 2013 but was still foreclosed by the three-year statute of limitations that Jones and Vie argued for below.

Jones and Vie respond that there was reason to think that "each day Williams worked in a demoted status and received reduced earnings" constituted a continuing violation of Williams's rights. This argument is "leaky at best, frivolous at worst." *Id.* Even under a continuing-violations analysis, the "proper focus is upon the time of the [prior] *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful." *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (quoting *Abramson v. Univ. of Haw.*, 594 F.2d 202, 209 (9th Cir. 1979)). Williams, by contrast, alleged that she continued to feel the consequences of Douglas's discriminatory acts long after they happened, in the form of lesser status and pay. But this could not revive her claims under a continuing-violations theory. The acts she complained of still fell outside the limitations periods, even if their consequences didn't. *See Pittman v. Spectrum Health Sys.*, 612 F. App'x 810, 814 (6th Cir. 2015) ("The loss of future shift assignments is 'a delayed, but inevitable, consequence' of [the defendant's] prior discriminatory act, and not a present, discrete illegal act." (quoting *Ricks*, 449 U.S. at 257–58)); *accord Spicer v. Beaman Bottling Co.*, 937 S.W.2d 884, 891 (Tenn. 1996), *overruled on other grounds by Booker v. The Boeing Co.*, 188 S.W.3d 639 (Tenn. 2006) (a plaintiff can "challenge an ongoing, continuous series of discriminatory acts in their entirety as long as one of those discriminatory acts falls within the limitations period"). So no, Jones and Vie had little reason to think a continuing-violations theory had merit, especially by the

Case Nos. 19-5238/5789, *Williams v. Shelby Cty. Sch. Sys.*

time Douglas moved to dismiss. The district court did not, therefore, abuse its discretion in awarding Douglas fees for Jones and Vie's maintaining a clearly time-barred lawsuit.

Finally, Jones and Vie argue that the district court abused its discretion in not ruling on Douglas's motion to dismiss sooner. If the district court thought Williams's complaint was "obviously time-barred," then it wasn't "fair" for the district court to "delay" its ruling, "pav[ing] the way for Douglas's protracted approach to discovery" for which Jones and Vie ended up footing the bill. In fact, Jones and Vie submit, the district court "was obligated to dismiss the lawsuit" against Douglas earlier.

No. If Jones and Vie wanted to avoid hefty sanctions, they should have dismissed the lawsuit themselves or moved to withdraw soon after Douglas filed her motion to dismiss. They—not the district court—were responsible for defense counsel's rising fees.

Applying a deferential standard of review, we find no abuse of discretion in the district court's award of fees as a sanction against Jones and Vie. We therefore **AFFIRM** in case number 19-5238.[2]

---

[2] Douglas asks in her brief that we award fees on appeal as a sanction against Jones and Vie. We deny this request because Douglas "failed to file a separate motion or notice requesting sanctions." *Abeyta v. City of Albuquerque*, 664 F.3d 792, 797 (10th Cir. 2011); *accord Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 709 (9th Cir. 2004); *In re Gulevsky*, 362 F.3d 961, 964 (7th Cir. 2004); *see also* Fed. R. App. P. 38 advisory committee's note to 1994 amendment ("[N]otice and opportunity to respond must precede the imposition of sanctions. . . . A statement inserted in a party's brief that the party moves for sanctions is not sufficient notice.").