**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: May 28, 2020

Robert Otis Binkley Jr.
Mr. Matthew Robert Courtner
Rainey, Kizer, Reviere & Bell
P.O. Box 1147
Jackson, TN 38302

Ms. Jennifer Vallor Ivy
State of Tennessee
300 Benchmark Place
Jackson, TN 38301

Ms. Lucinda Jones
P.O. Box 442111
Detroit, MI 48244

Re:  Case No. 19-5238, *Katoria Williams, et al v. Shelby County School System, et al*
Originating Case No. : 2:17-cv-02284

Dear Counsel,

  The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. Thomas M. Gould

Enclosure

NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0298n.06

Nos. 19-5238/5789

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| KATORIA S. WILLIAMS and DEMETRI M. FAULKNER, | ) ) ) | **FILED**<br>May 28, 2020<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellants, | ) ) |  |
| LUCINDA JONES and VALERIE V. VIE, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| Interested Parties-Appellants, | ) ) |  |
| v. | ) ) |  |
| SHELBY COUNTY SCHOOL SYSTEM, et al., | ) ) |  |
| Defendants-Appellees, | ) ) |  |
| STATE OF TENNESSEE, | ) ) |  |
| Intervenor-Appellee. | ) ) |  |

BEFORE: GIBBONS, McKEAGUE, and WHITE, Circuit Judges.

PER CURIAM. Before us is defendant-appellee Marjorie Douglas's motion for fees and costs as a sanction against plaintiffs-appellants Katoria Williams and Demetri Faulkner, as well as their attorneys Lucinda Jones, Valerie Vie, and Darrell O'Neal. In 2017, Williams and Faulkner filed suit against the Shelby County School System and its employee, Douglas, for alleged violations of federal and state law stemming from the termination of their employment contracts. *Williams v. Shelby Cty. Sch. Sys.*, Nos. 19-5238/5789, 2020 WL 1190433, at *1 (6th Cir. Mar. 12, 2020). Williams and Faulkner's complaint, however, was filed four years after their contracts

Nos. 19-5238/5789, *Williams v. Shelby Cty. Sch. Sys.*

were terminated, meaning that their claims were barred by various statutes of limitations. *Id.* As a result, the district court dismissed the complaint and awarded fees against the plaintiffs and their trial attorneys, Jones and Vie, as a sanction. *Id.*

Douglas then requested fees for fees from the district court—that is, attorney's fees incurred while preparing the original motion for fees. *Id.* After the fees-for-fees motion, but before the district court had ruled on the motion, Jones and Vie—the two trial attorneys—filed a timely notice of appeal challenging the sanctions order as it applied to them. *Id.* Shortly thereafter, and more than 30 days after its original sanctions order, the district court granted the fees-for-fees motion. *Id.* Only then did Williams and Faulkner—now represented by substitute counsel O'Neal—file a notice of appeal challenging the original sanctions order. *Id.* Neither the plaintiffs nor their attorneys appealed the dismissal of the underlying claims. *See id.*

We affirmed the district court. First, we dismissed Williams and Faulkner's appeal as untimely, explaining that it was filed more than 30 days after the original sanctions order and did not include a challenge to the later fees-for-fees order. *Id.* at *1–2. Second, we upheld the award of fees as a sanction against Jones and Vie. *Id.* at *2–3. We reasoned that Jones and Vie's argument that Douglas might have committed continuing violations of Williams and Faulkner's rights—which would have revived their claims—was "leaky at best, frivolous at worst." *Id.* at *2 (quoting *Carter v. Hickory Healthcare Inc.*, 905 F.3d 963, 969 (6th Cir. 2018)). Finally, we declined to issue further sanctions against the plaintiffs or their attorneys because Douglas failed to file a separate motion requesting appellate sanctions. *Id.* at *3 n.2.

After we issued our decision, Douglas filed the instant motion requesting fees and costs as a sanction for the conduct of plaintiffs and their attorneys on appeal. She argues that Williams, Faulkner, and their appellate counsel, O'Neal, should be sanctioned for pursuing an "untimely and

- 2 -

Nos. 19-5238/5789, *Williams v. Shelby Cty. Sch. Sys.*

frivolous appeal," thereby "unreasonably and vexatiously" multiplying the proceedings. CA6 R. 23-2, Mot. for Sanctions, at 6. Douglas likewise argues that Jones and Vie "vexatiously and needlessly multiplied the proceedings" by pursuing their own frivolous appeal. *Id.* at 5.

We may impose sanctions for conduct on appeal pursuant to three grants of authority: Federal Rule of Appellate Procedure 38; 28 U.S.C. § 1912; and 28 U.S.C. § 1297. As we have explained, the standard under each provision is similar:

> [Rule] 38 provides for sanctions "[i]f a court of appeals determines that an appeal is frivolous." "Sanctions under [Rule 38] are 'appropriate when an appeal is wholly without merit and when the appellant's arguments essentially had no reasonable expectation of altering the district court's judgment based on law or fact.'" *Scherer v. JP Morgan Chase & Co.*, 508 F. App'x 429, 439 (6th Cir. 2012) (quoting *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 270 (6th Cir. 2008)). Although a finding of bad faith is not required for imposition of Rule 38 sanctions, "we will usually impose Rule 38 . . . sanctions only where there was some improper purpose, such as harassment or delay, behind the appeal." *Barney v. Holzer Clinic, Ltd.*, 110 F.3d 1207, 1212 (6th Cir. 1997). [Section] 1912 provides that "[w]here a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs." It "is 'similar'" in application to Rule 38, *Kempter v. Mich. Bell Tel. Co.*, 534 F. App'x 487, 493 (6th Cir. 2013) (quoting *Waeschle v. Dragovic*, 687 F.3d 292, 296 (6th Cir. 2012)), *cert. denied*, 134 S. Ct. 1764 (2014). Finally, § 1927 declares that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 allows for sanctions when the "attorney knows or reasonably should know that a claim pursued is frivolous," *Scherer*, 508 F. App'x at 439 (quoting *Tareco Prop., Inc. v. Morriss*, 321 F.3d 545, 550 (6th Cir. 2003)). "Section 1927 sanctions may be imposed without a finding that the lawyer subjectively knew that his conduct was inappropriate," but "the conduct must exceed 'simple inadvertence or negligence that frustrates the trial judge.'" *Id.* (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997)).

*Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016).

We begin with Williams and Faulkner. Although a party may be sanctioned under Rule 38 or § 1912, Douglas offers no evidence that Williams and Faulkner harbored an improper motive, such as the intent to harass or cause delay. *Barney*, 110 F.3d at 1212. Nor is there any evidence

- 3 -

Nos. 19-5238/5789, *Williams v. Shelby Cty. Sch. Sys.*

that they pressured O'Neal into filing an appeal that they knew to be time barred.  We thus find that William and Faulkner's conduct is not sanctionable.

Similarly, although O'Neal was responsible for filing the untimely appeal on behalf of Williams and Faulkner, Douglas offers little more than the conclusory allegation that O'Neal should have known that the appeal was untimely.  It is not enough, however, that we ultimately found the appeal to be untimely.  *See, e.g.*, *Talamini v. Allstate Ins. Co.*, 470 U.S. 1067, 1071 (1985) (Stevens, J., concurring) (noting that unmeritorious claims do not automatically warrant sanctions).  And no case had directly rejected the argument that a fees-for-fees motion could reset the clock for an appeal of post-judgment sanctions.  Although our reasoning in *JPMorgan Chase Bank, N.A. v. Winget*, 920 F.3d 1103 (6th Cir. 2019), makes clear that an original sanctions order— not a fees-for-fees order—would start the clock on such an appeal, *Winget* had yet to be decided when Douglas filed her fees-for-fees motion.  We thus find that O'Neal's conduct is not sanctionable.

Jones and Vie's conduct merits closer scrutiny.  We are mindful that sanctions against losing civil-rights plaintiffs are disfavored and should only be imposed in "truly egregious cases of misconduct."  *Ridder v. City of Springfield*, 109 F.3d 288, 299 (6th Cir. 1997) (quoting *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1997)).  Jones and Vie's challenged conduct, however, is largely unrelated to the nature of the claims they prosecuted.  *See, e.g.*, *id.* (pointing to the "intrinsic" difficulty of collecting evidentiary support prior to commencing a civil-rights action as one example of why we are reluctant to sanction such plaintiffs).  They did not pursue a novel theory of liability or attempt to meaningfully distinguish controlling precedent; rather, they filed time-barred claims and then, on appeal, sought to lay responsibility at the feet of the district

Nos. 19-5238/5789, *Williams v. Shelby Cty. Sch. Sys.*

court.  *Williams*, 2020 WL 1190433, at *2–3.  Jones and Vie should have known that blaming the district court and repeating their most meritless arguments would fail.

Some of Jones and Vie's conduct is mitigated by the posture of their appeal.  They did not challenge the merits of the district court's holding that the claims were time barred.  They instead challenged the district court's order sanctioning them for filing the claims in the first place.  That is, Jones and Vie argued the reasonableness of their views—not whether those views were, in fact, correct—and challenged the district court's analysis.  In doing so, they raised three semi-colorable arguments.  First, Jones and Vie maintained that the claim for inducement to breach of contract was arguably subject to a six-year statute of limitations.  Second, they challenged the district court's finding that the litigation was meant to "grind down" Douglas, highlighting the limited nature of their discovery requests and motions practice.  Finally, they argued that the district court failed to make the necessary findings of discrete acts of vexatious conduct, citing caselaw to support their argument.  Although the law was "solidly against these new arguments," they at least evidence some bases upon which Jones and Vie might have believed that their appeal would gain traction.  *Friedler v. Equitable Life Assurance Soc'y*, 86 F. App'x 50, 57 (6th Cir. 2003).

We exercise our discretion not to sanction Jones and Vie.  Although their conduct was unprofessional and serious enough to meet the standard for imposing sanctions, the deterrent and compensatory purpose of sanctions is adequately served by the nearly $40,000 judgment against them in the district court.  This is especially so given that Douglas would have had to defend the sanctions order anyway in Williams and Faulkner's appeal.  We believe that further sanctions would serve no useful purpose.  And when "no useful purpose" would be served by imposing additional sanctions, we may "decline to impose" them.  *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 459 (7th Cir. 1994); *City of E. St. Louis v. Circuit Court for the Twentieth Judicial Circuit*,

Nos. 19-5238/5789, *Williams v. Shelby Cty. Sch. Sys.*

986 F.2d 1142, 1145 (7th Cir. 1993); *cf. also Asberry v. United States Postal Serv.*, 692 F.2d 1378, 1382 (Fed. Cir. 1982) ("[W]e consider it appropriate under all the circumstances to remit the costs and attorney's fees imposed in this case."). We thus decline to impose them here.

    The motion is denied.

Nos. 19-5238/5789, *Williams v. Shelby Cty. Sch. Sys.*

**McKEAGUE, Circuit Judge, dissenting.** I am in almost complete agreement with the majority. On behalf of their clients, Lucinda Jones and Valerie Vie filed a lawsuit against Marjorie Douglas, a Shelby County School System supervisor, well after all statutes of limitations expired. "Maintaining a clearly time-barred lawsuit" is sanctionable. *Carter v. Hickory Healthcare Inc.*, 905 F.3d 963, 969 (6th Cir. 2018). But Jones and Vie had little to say for themselves before the district court, which appropriately sanctioned them. Then Jones and Vie appealed, arguing what little they said (and failed to say) was enough to save them from sanctions; they even argued the district court should've kept the bill low for them. We rejected these arguments. *Williams v. Shelby Cty. Sch. Sys.*, Nos. 19-5238/5789, 2020 WL 1190433 (6th Cir. Mar. 12, 2020). And my colleagues rightly recognize that Jones and Vie's frivolous appeal is itself sanctionable.

I would, however, award monetary sanctions against Jones and Vie under 28 U.S.C. § 1927. No doubt the district court's sanctions order, our opinion affirming that order, and the majority's opinion denying further sanctions have sent a strong message to Jones and Vie. But there's still a "useful purpose" in making them pay Douglas's fees on appeal. *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 459 (7th Cir. 1994). Namely, their conduct wasn't victimless: someone has to pay Douglas's lawyers for hours billed on this frivolous appeal. If it's the Shelby County School System—really, the public—that pays, those thousands of taxpayer dollars are better spent on students, teachers, and schools. The equitable thing to do would be to shield these innocent stakeholders from the expense of Jones and Vie's frivolous appeal. *See Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1205 (10th Cir. 2008) ("[T]he text of § 1927 . . . indicates a purpose to compensate victims of abusive litigation practices, not to deter and punish offenders."). If it's Douglas—the public servant—who pays, then she too deserves to be spared. *See id.*

Nos. 19-5238/5789, *Williams v. Shelby Cty. Sch. Sys.*

Because the majority declines to award fees to Douglas as a sanction against Jones and Vie, I respectfully dissent.